UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DOROTHY SNYDER <br> and DAVID SNYDER, <br>     Plaintiffs, <br><br> v. <br><br> TOWN OF ROSELAND, <br> ROSELAND POLICE DEPARTMENT, <br> TEDDY PENN in his Official and <br> Individual Capacity, and <br> JACK D. TILLER, in his Official <br> and Individual Capacity, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) Cause No. 3:08CV 450 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT and JURY DEMAND

COMES NOW, Plaintiffs, Dorothy Snyder and David Snyder, by counsel, Anna M. Hearn of the law firm of BLACHLY TABOR BOZIK & HARTMAN LLC, as their cause of action against the Defendants allege and state:

## JURISDICTION

1. At all times relevant, Plaintiffs are residents of the Town of Roseland, St. Joseph County, Indiana.

2. During the calendar year 2006, Plaintiff, Dorothy Snyder was a duly elected councilwoman to the Town of Roseland Council, serving as President of the Town of Roseland Council.

3. During the calendar year 2006, Plaintiff, David Snyder was a duly elected councilman to the Town of Roseland Council, serving as Vice-President of the Town of Roseland Council.

4. During 2007, Plaintiff, David Snyder was a duly elected councilman to the Town of Roseland Council.

5. Plaintiff, David Snyder's term of councilman to the Town of Roseland Council expired December 31, 2007.

6. During 2007, Cheryl Gridley was the duly elected Town of Roseland Clerk-Treasurer.

7. At all times relevant, Plaintiff, Dorothy Snyder was the Town of Roseland Deputy Clerk-Treasurer, appointed by the duly-elected Clerk-Treasurer, Cheryl Gridley.

8. At all times relevant, Defendant, Teddy Penn (hereinafter "Penn") is a resident of the Town of Roseland, St. Joseph County, Indiana.

9. At all times relevant, Penn is a duly elected councilman to the Town of Roseland, and served as the Vice-President of the Town of Roseland Council.

10. Plaintiff, David Snyder opposed many of Penn's political positions.

11. Plaintiff, Dorothy Snyder was a political ally of her husband, David Snyder.

12. At all times relevant, Defendant, Jack D. Tiller is a resident of the Town of Roseland, St. Joseph County, Indiana.

13. At all times relevant, Defendant, Jack D. Tiller (hereinafter "Marshal Tiller") is an employee of the Town of Roseland and is the Town Marshal for the Town of Roseland.

14. The Town of Roseland is a town pursuant to I.C. § 36-4-1-1 organized and existing under the laws of the State of Indiana.

15. In towns such as Roseland, the Town Council position is created and governed by the laws of the State of Indiana, particularly I.C. §36-4-6.

16. Venue in this court is proper because Plaintiffs allege violations of their rights guaranteed by the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution, as well as other provisions of law, as enforced through 42 U.S.C. § 1983. Plaintiffs' claims under 42 U.S.C. § 1983 constitute a civil action arising under the laws of the United States over which the district courts have original jurisdiction.

## FACTS

17. On or about April 25, 2007, Plaintiff, Dorothy Snyder attended a public Town Council Meeting for the Town of Roseland.

18. Plaintiff, Dorothy Snyder was acting as Deputy Clerk-Treasurer and as a citizen when attending said meeting.

19. St. Joseph Superior Court Order dated May 7, 2007 states that the Town's "clerk-treasurer may appoint whomever she pleases as deputy clerk-treasurer, including but not limited to Dorothy Snyder." (Ex. A, p. 10, para. 8). A copy of the Court's Order dated May 7, 2007 is attached hereto marked as Exhibit A, and is incorporated herein by reference.

20. Part of the duties of the Deputy Clerk-Treasurer is to record the meeting minutes and what transpires during the meeting.

21. Plaintiff, Dorothy Snyder is lawfully able to attend a public meeting.

22. Plaintiff, Dorothy Snyder videotaped said public meeting.

23. As a citizen of the Town of Roseland and as its Deputy Clerk-Treasurer Plaintiff, Dorothy Snyder is legally and constitutionally entitled to tape public Town meetings and their aftermaths.

24. A Town ordinance is not equivalent to a resolution passed by members of the Town of Roseland Council.

25. At all times relevant, there was no ordinance that disallowed the videotaping of Town meetings or their aftermaths.

26. St. Joseph Superior Court Order dated May 7, 2007 states that "defendants are prohibited from removing the clerk-treasurer and her appointed deputy from any meeting which the clerk-treasurer or her appointed deputy is required be at to fulfill their duties…". (Ex. A., p. 11, para. 15).

27. Penn knowingly unlawfully ordered Marshal Tiller to arrest Plaintiff, Dorothy Snyder for video taping the April 25, 2007 Town Council Meeting and/or its aftermath, which she had every legal right to tape.

28. Marshall Tiller complied with Penn's unlawful request to arrest Plaintiff, Dorothy Snyder. A copy of Roseland Police Department Case Report, Case #07-064, is attached hereto marked as Exhibit B, and is incorporated herein by reference.

29. This is an action for equitable relief and damages for, among other things, the deprivation of Plaintiff, Dorothy Snyder's rights guaranteed under the First Amendment to the Constitution of the United States arising from her political support of now former Councilman, David Snyder as well as the now former Clerk-Treasurer, Cheryl Gridley. The actions of the Defendants violate Plaintiff, Dorothy Snyder's rights to free speech and association under the First Amendment through 42 U.S.C. §1983.

30. Additionally, this is an action for equitable relief and damages for, among other things, the deprivation of Plaintiff, Dorothy Snyder's rights guaranteed under the First Amendment to the Constitution of the United States arising from her political

support of her husband, David Snyder, the now former Town of Roseland Council President. The actions of the Defendants violate Plaintiff, Dorothy Snyder's rights to free speech and association under the First Amendment through 42 U.S.C. §1983

31. Marshal Tiller brutally attacked Plaintiff, Dorothy Snyder.

32. Marshal Tiller used excessive force to restrain Plaintiff, Dorothy Snyder causing Plaintiff, Dorothy Snyder severe and permanent injuries to her neck, back, shoulder, knee and other bodily injury.

33. Marshall Tiller's use of excessive force to restrain Plaintiff, Dorothy Snyder has caused Plaintiff, Dorothy Snyder to seek extensive medical treatment.

34. As a consequence of Marshall Tiller's use of excessive force to restrain Plaintiff, Dorothy Snyder, she has lost wages, endured pain and suffering, endured emotional pain and suffering, and had to expend personal funds.

35. Additionally, due to Marshall Tiller's and Penn's unlawful acts, Plaintiff, Dorothy Snyder was taken to jail, and was unlawfully charged with resisting arrest and disorderly conduct.

36. Said charges against Plaintiff, Dorothy Snyder were not pursued by the prosecutor's office.

37. Further, due to Marshall Tiller's a Penn's unlawful acts, Plaintiff, Dorothy Snyder was humiliated by being publicly arrested in front of citizens of the Town of Roseland and the local media, had to spend time in jail, lost and employment benefits, had to post $250 in bond and missed time from work to attend several court hearings prior to the dismissal of her charges.

38. Prior to taking office and throughout the calendar year 2007, Penn has made statements that he was going to have Dorothy Snyder and David Snyder arrested and/or thrown in jail.

## COUNT I

Come now the Plaintiffs, by counsel, Anna M. Hearn of the law firm BLACHLY TABOR BOZIK & HARTMAN LLC, and for Plaintiffs' complaint against Defendants, state as follows:

39. Plaintiffs incorporate by reference paragraphs 1-38 above.

40. Defendant Tiller used excessive force to restrain Plaintiff, Dorothy Snyder. As a result of the excessive force, Dorothy Snyder received severe and permanent injuries.

41. As a direct and proximate result of the Defendants' acts, Dorothy Snyder suffered personal injury.

42. Plaintiffs, Dorothy Snyder and David Snyder have lost the society, companionship, services and consortium of each other as husband and wife, and will continue to do so.

43. Plaintiffs have complied with the notice provisions by properly filing the statutorily required notice of their claim of injuries with the appropriate state and county authorities on or about October 17, 2007. A copy of Plaintiffs' Notice of Tort Claim is attached hereto marked as Exhibit C, and is incorporated herein by reference.

44. Defendants have wholly failed or refused to make any attempt with Plaintiffs to resolve this matter short of filing suit, or to otherwise adjust Plaintiffs' claims.

WHEREFORE, the Defendants have caused damage and injury to the Plaintiffs. Plaintiffs respectfully request the court to award judgment against the Defendants including, but not limited to, all compensatory damages, equitable relief and costs, attorney fees, expert witness fees, and for all other just and proper relief in the premises against all Defendants, jointly and severally. Plaintiffs further request relief of the Court consisting of all punitive damages as to Defendants Penn and Marshall Tiller, and to grant such other relief as the Court deems proper.

## COUNT II
## 42 U.S.C. § 1983

Come now the Plaintiffs, by counsel, Anna M. Hearn of the law firm of BLACHLY TABOR BOZIK & HARTMAN LLC, and for Plaintiffs' complaint against Defendants, state as follows:

45. Plaintiffs incorporate by reference paragraphs 1-44 above.

46. Defendants, acting under the color of state law, deprived Plaintiff, Dorothy Snyder of her rights, privileges, and/or immunities secured by the Constitution and laws of the United States of America, including but not limited to violations of the Plaintiffs' rights guaranteed by the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution, as well as other provisions of law, as enforced through 42 U.S.C. § 1983.

47. Defendants further violated the rights of the Plaintiffs, including but not limited to:

    a. The right to be free from excessive use of force;

    b. False arrest;

    c. Freedom of speech;

7

      d.      Freedom from political prosecution and association; and,

      e.      Other rights otherwise secured by the Constitution and laws of the United States.

48.    That claim is made against Defendants, Penn and Tiller in their individual as well as official capacities.

49.    That Defendant, Town of Roseland, further violated the rights of the Plaintiffs, including, but not limited to, a failure to:

      a.      Train properly its police officers;

      b.      Secure and promulgate policies, procedures and training of its police officers to avoid the excessive use of force in securing arrest; and,

      c.      Promulgate other appropriate policies, customs, and training of its police officers as required by law.

50.    All of the Defendants herein evinced a pattern of deliberate indifference to the rights and well-being of the Plaintiffs, as a proximate result of which the Plaintiffs have been injured.

51.    Accordingly, Plaintiffs are entitled to relief, including compensatory and punitive damages and attorney's fees, pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

WHEREFORE, Plaintiffs pray for judgment against the Defendants for all compensatory damages, equitable relief and costs, attorney fees, expert witness fees, and for all other just and proper relief in the premises against all Defendants, jointly and severally. Plaintiffs further request relief of the Court consisting of all punitive damages as to Defendants Penn and Marshall Tiller, and to grant such other relief as the Court deems proper.

## COUNT III
## CONSTITUTION OF THE STATE OF INDIANA

Come now the Plaintiffs, by counsel, Anna M. Hearn of the law firm of BLACHLY TABOR BOZIK & HARTMAN LLC, and for Plaintiffs' complaint against Defendants, state as follows:

52. Plaintiffs incorporate by reference paragraphs 1-51 above.

53. Defendants, and each of them, violated the rights of the Plaintiffs herein which rights are secured by the Constitution and laws of the State of Indiana, including but not limited to those rights secured in Article 1 Sections 11, 15, and 16 of the Constitution of the State of Indiana.

54. As a proximate cause of the afore-said violations, the Plaintiffs were injured, and are entitled to damages.

WHEREFORE, Plaintiffs pray for judgment against the Defendants for all compensatory damages, equitable relief and costs, attorney fees, expert witness fees, and for all other just and proper relief in the premises against all Defendants, jointly and severally. Plaintiffs further request relief of the Court consisting of all punitive damages as to Defendants Penn and Marshall Tiller, and to grant such other relief as the Court deems proper.

## COUNT IV
## STATE NEGLIGENCE CLAIM

Come now the Plaintiffs, by counsel, Anna M. Hearn of the law firm of BLACHLY TABOR BOZIK & HARTMAN LLC, and for Plaintiffs' complaint against Defendants, state as follows:

55. Plaintiffs incorporate by reference paragraphs 1-54 above.

56. That the defendants, and each of them, acted negligently in respect to the plaintiff, in that they failed to exercise reasonable care under the circumstances by:

    a. Placing the plaintiff under false arrest;

    b. Excessive use of force in securing the arrest of the plaintiff; and,

    c. Otherwise failing to exercise reasonable care and ordinary care in the circumstances.

57. That the negligence of Defendants, and each of them, proximately caused the Plaintiffs' injuries, for which they are entitled to damages.

58. Plaintiffs have complied with the notice requirements of the Indiana Tort Claims Against Governmental Entities Act, by complying or substantially complying with the provisions of Indiana Code §§ 34-13-3-8 and 34-13-3-10.

59. Defendants have wholly failed or refused to make any attempt with Plaintiffs to resolve this matter short of filing suit, or to otherwise adjust Plaintiffs' claims.

WHEREFORE, Plaintiffs pray for judgment against the Defendants for all compensatory damages, equitable relief and costs, attorney fees, expert witness fees, and for all other just and proper relief in the premises against all Defendants, jointly and severally. Plaintiffs further request relief of the Court consisting of all punitive damages as to Defendants Penn and Marshall Tiller, and to grant such other relief as the Court deems proper.

## COUNT V
## BATTERY

Come now the Plaintiffs, by counsel, Anna M. Hearn of the law firm of BLACHLY TABOR BOZIK & HARTMAN LLC, and for Plaintiffs' complaint against Defendants, state as follows:

60. Plaintiffs incorporate by reference paragraphs 1-59 above.

61. Defendant Marshal Tiller acting in his official and/or individual capacity, among others, did intentionally batter Plaintiff, Dorothy Snyder by the actions of the Defendants, each and all of them.

62. That as a proximate result of the outrageous and egregious acts of the Defendants, by their agents and servants, among others, Plaintiff, Dorothy Snyder has suffered and continues to suffer physical, emotional, personal, psychological and familial distress, for which Plaintiff, Dorothy Snyder herein incorporates as damages those set forth above.

63. That as a result of Plaintiff's, Dorothy Snyder, injuries caused by the battery caused by said Defendants, by their agents and servants, among others, she experienced pain, suffering and mental anguish; incurred medical, hospital and doctor expenses; has incurred lost wages and loss of employment benefits; had to expend personal funds; was humiliated by being publicly arrested in front of citizens of the Town of Roseland and the local media; had to spend time in jail; had to post $250 in bond; and missed time from work to attend several court hearings prior to the dismissal of her charges.

64. That all of the Plaintiff's, Dorothy Snyder, injuries and damages are due to the battery caused by the Defendants, by their agents and servants, among others, and Plaintiff is entitled to compensation for her injuries and damages.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendants for all compensatory damages, equitable relief and costs, attorney fees, expert witness fees, and for all other just and proper relief in the premises against all Defendants, jointly and

severally. Plaintiffs further request relief of the Court consisting of all punitive damages as to Defendants Penn and Marshall Tiller, and to grant such other relief as the Court deems proper.

## COUNT VI
## PUNITIVE DAMAGES

Come now the Plaintiffs, by counsel, Anna M. Hearn of the law firm of BLACHLY TABOR BOZIK & HARTMAN LLC, and for Plaintiffs' complaint against Defendants, Penn and Marshal Tiller, state as follows:

65. Plaintiffs incorporate by reference paragraphs 1-64 above.

66. That by reason of the Defendants', Penn and Marshal Tiller, intentional acts in violation of the Plaintiffs' rights as well as public policy, punitive damages are sought pursuant to U.S.C. § 1983, as well as other statutes and law of the United States and the State of Indiana.

WHEREFORE, Plaintiffs pray for judgment against Defendants, Penn and Marshal Tiller for punitive damages, equitable relief and costs, attorney fees, expert witness fees, and for all other just and proper relief in the premises.

Respectfully submitted,

BLACHLY TABOR BOZIK & HARTMAN, LLC

Anna M. Hearn (Atty. #21564-64A)
56 S. Washington St., Suite 401
Valparaiso, Indiana 46383
Ph. (219) 464-1041
Fax (219) 462-0927
Attorney for Plaintiffs

## JURY DEMAND

COMES NOW the Plaintiffs, by counsel, Anna M. Hearn of BLACHLY TABOR BOZIK & HARTMAN LLC, and demand trial by jury.

Respectfully submitted,

**BLACHLY TABOR BOZIK & HARTMAN, LLC**

_____
Anna M. Hearn (Atty. #21564-64A)
56 S. Washington St., Suite 401
Valparaiso, Indiana 46383
Ph. (219) 464-1041
Fax (219) 462-0927
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2008, a copy of the foregoing pleading has been served by First Class United States Mail upon the Town Attorney for the Town of Roseland as follows: *Mike Lipsky, 2808 Edison Road, South Bend, IN  46615*; and the Town of Roseland Clerk-Treasurer as follows: *Susan Hammons, 200 Independence Drive, Roseland, IN 46637.*

_____
Anna M. Hearn

13